Filed 10/7/22 P. v. Reyes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079184 |
| v. | (Super.Ct.No. INF063102) |
| JULIO CESAR REYES, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Judith C. Clark, Judge. Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Julio Cesar Reyes, Jr., filed a petition for resentencing pursuant to former Penal Code section 1170.95,[1] which the court denied. After defense counsel filed two notices of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and two potentially arguable issues: (1) whether the trial court erred by ruling on the petition at a status conference rather than a formal, noticed prima facie hearing; and (2) whether the court erred in declining to require defendant's presence at the hearing. We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant and a cohort approached the victim at a restaurant. Defendant's cohort asked the victim for a cigarette; the victim gave him one and they conversed briefly. Defendant's cohort left; defendant pulled out a gun and told the victim to hand over his watch. The victim complied; defendant demanded his wallet. As the victim was reaching for his wallet, defendant shot him in the chest. Defendant tried to fire a few

---

[1] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code unless otherwise indicated.

[2] On the court's own motion, we take judicial notice of our prior unpublished opinion in defendant's appeal from the original judgment. (*People v. Reyes* (May 12, 2011, E051019) [nonpub. opn.] (*Reyes*); Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b).)

more times but the gun misfired. Defendant fled outside, where his cohort picked him up. They were captured the same night. Defendant had the victim's watch in his pocket when he was arrested. The victim survived the gunshot injury with no permanent disability. (*Reyes*, *supra*, E051019.)

A jury found defendant guilty of attempted murder with premeditation and deliberation (§§ 664, 187, subd. (a), count 1) and robbery (§ 211, count 2). The jury further found true allegations as to both counts that defendant personally discharged a firearm resulting in great bodily injury and personally inflicted great bodily injury. (§§ 12022, subd. (b)(1), 12022.53, subds. (c), (d), 12022.7, subd. (a).) The trial court thereafter found true a prior strike allegation. (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).) (*Reyes*, *supra*, E051019.)

On May 28, 2010, the trial court sentenced defendant to a life term with a minimum parole eligibility of 14 years for the attempted murder and a consecutive term of 25 years to life for the great bodily injury firearm enhancement. (§ 12022.53, subd. (d).) The trial court stayed the sentences for the robbery and all other enhancements. Defendant appealed. This court affirmed the judgment. (*Reyes*, *supra*, E051019.)

On January 10, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95. The People filed a request for summary denial of defendant's petition contending "acted with the requisite intent," to be convicted even under the amended definitions of attempted murder. "For [defendant], the jury found he had an intent to kill, and also personally discharged a firearm causing great bodily injury."

3

Moreover, the People argued defendant was ineligible for relief because "the jury was *not* instructed on the felony-murder rule or the natural and probable consequences theory or other theory under which malice is imputed to a person based solely on that person's participation in a crime."**3**

At the hearing on July 22, 2022, the People expounded: "It's our motion at this time to have the Court deny the petition. I've provided the jury instructions and the Appellate opinion to [defense counsel] earlier. The Appellate opinion correctly states the facts that the defendant shot him in the chest, page 2. The instructions are also there, and nothing regarding natural and probable consequences of felony murder were given to the jurors [proving] he was ineligible; thus, we would ask the petition be denied."

Defense counsel responded that everything the People said was true: "I believe he's accurate, and I'm just objecting for the record." The court ruled: "Based on counsel's recitation of the circumstances surrounding this test, the nature of the theory, the prosecution, and the instructions that were given, the Court finds that there are no elements that would bring this matter within [former section] 1170.95, and the petition is denied."

## II. DISCUSSION

We recognize that one panel of this court has held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th

---

**3** Among other documents, the People attached to their request a copy of this court's opinion in *Reyes*, *supra*, E051019, and the jury instructions.

4

1127, 1131-1132, review granted Mar. 17, 2021, S266853 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We respectfully disagree.

We agree with another panel of this court, which has held that in uncontested appeals from the denial of a section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."], disapproved of by *People v. Strong* (2022) 13 Cal.5th 698, on other grounds.) This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.